PER CURIAM:
Claimant Opal M. Brown purchased approximately 15 acres of land with a house and a barn on Turkey Camp Road, also known as Route 21/2, Wayne County, in 1973, for $14,000.00. The property lies on both sides of Turkey Camp Road which runs along the base of a hill. She testifies that in 1979 there was a small slip on her property on the south side of the hill. Prior to the first landslide, the claimants had not experienced any problem with flooding. She contact respondent repeatedly, but no efforts were made by respondent to alleviate the problem. In 1979, respondent removed the small slip. This action precipitated a second larger slip.
*38 Claimant testified that she had signed an easement with respondent for the placement of a drain on her bottom land. The drain was never placed. At the time of the second slip, the water ran across the road and into her bottom land. This area has become a "mud hole" when it rains now, according to claimant Opal M. Brown.
The claimants used the acreage in question for a hay crop which they harvested about two or three times uurmg the summer and fall seasons. Due to the flow of water onto the property, the hay crop does not grow as well as prior to the water problems. Claimants allege a loss resulting from the poor hay crop.
Randy Fry, a registered engineer and the County Surveyor of Wayne County, testified that he surveyed this property in September, 1982 and again in June, 1987. Claimants' property lies on both sides of Turkey Camp Road. The land on the northerly side of the road is higher in elevation than the road. The land on the southerly side of the road is lower in elevation that the elevation of the road. He assumed that the right-of-way was 30 feet to begin with, 15 feet on each side of the center line. The center line had shifted the entire right-of-way width, and the travel portion of the highway is still within the original 30 feet. From his survey, he determined that 4/100 of an acre of claimant's land has been affected by the water problem.
Neighbors gave accounts of the work done by respondent. There was agreement among the witnesses that respondent came in with equipment and scraped out the slip in 1979. One individual testified that after the removal of the slip, respondent did not shore it up. There was no evidence indicating that respondent cause the first slip.
There was conflicting evidence concerning the worth of claimants' property. One neighbor stated that bottom land in Wayne Count is generally appraised at $500.00 an acre. Another individual stated that property in this area sells for $4,000.00 - $5,000.00 per acre for bottom land. A third individual testified that his 95 acres of property in the vicinity of claimants' property was appraised for $25,000.00.
Respondent's witnesses included Charles O. Adkins, a surveyor for respondent; Ivan B. Browning, Assistant District Engineer in charge of maintenance with respondent; and Gary Robert Cooper, a geotechnical engineer with respondent.
Mr. Adkins surveyed Local Service Route 21/2 in the vicinity of the claimants' property. He stated that the right-of-way at that location is 30 feet. He measured the distance between the edge of Turkey Camp Road through the bottom land to Turkey Camp Creek. It is 122 1/2 feet to the water. The travel portion of the roadway at the slide location is 14 feet. He stated that there is a super elevation around the slip area. "It's basically a little dip." He agreed that there is presently a slip at the location, and it is impeding the flow of water and doing damage to the Browns' property.
*39 Mr. Browning stated that he determined the right-of-way was 30 feet at the location in question. He stated that Turkey Camp Road was taken into the system in 1932. He examined the property in May, 1986, and the slide was not extending onto the travel portion of Turkey Camp Road.
Mr. Cooper testified that he observed the slide which had occurred on Mrs. Brown's property in April, 1986, and in June, 1987. The slide along Turkey Camp Road extended approximately 125 feet along the side of the road.
After examining all of the evidence submitted in the claim, the Court has determined that claimants' property is inn a slide-prone area. The measures taken by respondent, in attempting to rectify the initial slide have resulted in excess water flowing onto claimants' property. The Court is of the opinion that claimants are entitled to recover for the loss of use of their property based upon the value of the land. The Court has reviewed the evidence with respect to the appraisals rendered by the witnesses. The Court, therefore, makes an award of $263.16 to the claimants.
Award of $263.16.